UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JESSICA WAGONER on Behalf of Herself and All Others Similarly Situated,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>)<br>**N.Y.N.Y., INC. d/b/a NEW YORK NEW YORK CABARET,** )<br>)<br>**Defendant.** )<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT**<br><br>Jury demand endorsed herein |

**PLAINTIFF'S ORIGINAL COMPLAINT
CLASS AND COLLECTIVE ACTION**

**INTRODUCTION**

1. Defendant N.Y.N.Y., Inc. d/b/a New York New York Cabaret (hereinafter "Defendant") suffered and/or permitted Jessica Wagoner (hereinafter "Plaintiff") to work as an exotic dancer at its adult entertainment club in excess of forty (40) hours per week, but refused to compensate her at the applicable minimum wage and overtime rates. In fact, Defendant refused to compensate Plaintiff whatsoever for any hours worked. Plaintiff's only compensation was in the form of tips from club patrons. Moreover, Plaintiff was required to divide her tips with Defendant and other employees who do not regularly and customarily receive tips. Therefore, Defendant has failed to compensate Plaintiff at the federally-mandated minimum wage rate.

2. Defendant's conduct violates the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), which each require non-exempt

1

employees to be compensated for overtime work at one and one half times an employee's regular rate.  29 U.S.C. § 207(a) and Ohio Revised Code ("O.R.C.") § 4111.03.  Furthermore, Plaintiff was not compensated at the FLSA and OMFWSA required minimum wage rate.  29 U.S.C. § 206 and Ohio Revised Code ("O.R.C.") § 4111.14.

3. Defendant likewise does not pay proper overtime and/or minimum wage to other similarly situated workers.  Therefore, Plaintiff brings a collective action under the FLSA's overtime and minimum wage provisions on behalf of herself and similarly situated workers.

4. Additionally, Plaintiff brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to remedy violations of the overtime provisions of the OMFWSA, O.R.C. § 4111.03, on behalf of herself and all other non-exempt employees who worked more than forty (40) hours in a workweek as dancers for Defendant.  The class of similarly situated workers for class and collective action purposes are referred to throughout this Complaint as "Class Members" or "dancers."

## SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Supplemental jurisdiction over Plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA as to form part of the same case or controversy.

6. Venue is proper in the Southern District of Ohio because a substantial portion of the events forming the basis of this suit occurred in this District including many of the wrongs herein alleged.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Jessica Wagoner is an individual who resided in Warren County, Ohio at all times relevant to this action. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

8. The Class Members are all current and former exotic dancers who worked throughout Ohio at Defendant's adult entertainment club at any time starting three years before this Complaint was filed up to the present.

9. Defendant N.Y.N.Y., Inc. operates a gentlemen's club known as New York New York Cabaret located at 1221 E. 2nd Street in Franklin, Ohio. Defendant may be served process through is registered agent Terry L. Lewis at 111 W. First St., Suite 1000, Dayton, Ohio 45402.

10. This Court has general personal jurisdiction over Defendant because it is an Ohio business.

## COVERAGE

11. At all material times, Defendant has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendant has been an employer within the meaning of the OMFWSA. O.R.C. § 4111.03(D)(2).

13. At all material times, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

14. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because

Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. At all material times, Plaintiff and the Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206–207.

16. At all material times, Plaintiff and the Class Members were employees of Defendant within the meaning of OMFWSA. O.R.C § 4111.03(D)(3).

17. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard of $500,000.

## **FACTS**

18. Defendant operates an adult entertainment club in Franklin, Ohio called New York New York Cabaret.

19. Defendant employs exotic dancers at its aforementioned location.

20. Plaintiff Jessica Wagoner is a former exotic dancer at Defendants' adult entertainment club. Plaintiff worked at Defendant's establishment from approximately December 2013 to March 2014.

21. Plaintiff worked on a regular basis for Defendant's gentlemen establishment.

22. Plaintiff, like the other dancers, was compensated exclusively through tips from Defendant's customers. That is, Defendant does not pay the dancers whatsoever for any hours worked at its establishments.

23. Furthermore, Defendant charges the dancers a "house fee" per shift worked. This shift fee means that in order to work, Plaintiff and Class Members were actually required to pay Defendant.

24. Defendant also requires the dancers to share their tips with non-service employees who do not customarily and regularly receive tips, including the disc jockeys and the managers.

25. Defendant classifies its dancers as independent contractors, however, at all times, they were employees of Defendant.

26. Defendant hired/fired, supervised, direct, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the dancers.

27. In addition, Defendant instructed the dancers about when, where, and how they were to perform their work.

28. The following further demonstrates the dancers' status as employees:

    A. Defendant has the sole right to hire and fire the dancers;

    B. Defendant required the dancers to complete an employee application as a prerequisite to their employment;

    C. Defendant provided the dancers with music equipment and a performing stage;

    D. Defendant supervised the dancers;

    E. Defendant scheduled the dancers and as such had sole control over their opportunity for profit;

    F. Defendant applies a fine to the dancers if they failed to follow Defendant's schedule; and

    G. The dancers were hired as permanent employees and many have worked for Defendant for years.

29. Furthermore, the dancers are integral to Defendant's business operation. The

dancers are the main attraction for Defendant's patrons to frequent its establishment, as is the case with any business that calls itself a "cabaret."

30. Defendants misclassified the Plaintiff and Class Members as independent contractors to avoid their obligations to pay them pursuant to the FLSA.

31. Plaintiff and Class Members are not exempt from the overtime and minimum wage requirements under the FLSA or Ohio state law.

32. Although Plaintiff and Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA or OMFWSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Defendant and thus, Defendant violates the minimum wage requirement of the FLSA and the OMFWSA.

33. Specifically, in at least one week during her tenure at Defendant's establishment, Plaintiff worked in excess of 40 hours without receiving overtime compensation.

34. Defendant's method of paying Plaintiff and Class Members in violation of the law was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendant misclassified Plaintiff with the sole intent to avoid paying her in accordance to the law.

35. Defendant requires its dancers to enter into an arrangement whereby the dancers "lease" stage space for dancing. This tenant lease system is an artifice to avoid paying proper wages and is designed to deceive the dancers into believing they are not entitled to the minimum wage or overtime.

36. When Defendant learned that Plaintiff intended to initiate this action, it terminated her employment.

37. In addition to terminating her employment, Defendant referred Plaintiff to an Ohio trade organization known as the Buckeye Association of Club Executives ("BACE").

38. BACE maintains a list referred to as the "lack of space list." This list is a subscription service BACE sells to gentlemen club owners throughout the state that documents dancers who attempt to assert their rights to proper compensation. The "lack of space list" is a blacklist that operates to prevent a dancer from being hired at any club that subscribes to BACE's services.

39. A matter of days after her termination, Plaintiff received a text message from Greg Flaig, the secretary of BACE, informing her that she had been placed on the lack of space list. After texting Plaintiff her driver's license number to verify her identity, Mr. Flaig informed her "I'm sorry it had to come this best of luck for your dancer career in another state."

## FLSA COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other employees of Defendant who were paid pursuant to the same independent contractor/tenant lease system that fails to comply with the law.

41. Other employees similarly situated to Plaintiff work or have worked for Defendant, but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

42. Plaintiff seeks to represent a collective under the FLSA defined as follows:

> **All dancers at New York New York Cabaret in the last three years predating the filing of this complaint.**

43. Although Defendant permitted and/or required Collective Action Class Members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty. Defendant has also denied them full compensation at the federally mandated minimum wage rate.

44. Class Members perform or have performed the same or similar work as Plaintiff. Like Plaintiff, the Class Members are dancers that perform on the stage or privately for Defendant's patrons.

45. Class Members regularly work or have worked in excess of forty hours during a workweek.

46. Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA.

47. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime wage.

48. Defendant's failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

49. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of Class Members.

50. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

51. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

52. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

53. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective Action Class Members.

## CLASS ACTION ALLEGATIONS

54. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

55. Plaintiff brings her OMFWSA overtime claims as a Rule 23 class action on behalf of the following class:

> **All current and former dancers at New York New York Cabaret from the two years prior to the filing of this complaint to the present who would not receive overtime of one and one-half times their regular rate for each hour worked over 40 hours per week.**

56. Although Plaintiff does not know the precise number of members of the proposed class, there are likely hundreds, and the members of the class are so numerous that their individual joinder is impractical. The identity of the members of the class is readily discernable from Defendant's records.

57. Plaintiff and the proposed class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedies sought, namely back wages plus penalties, interests, attorneys' fees and cost of this lawsuit.

58. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited to, the follow:

    A. Whether Defendant violated the Ohio Minimum Fair Wage Standards Act;

      B.      Whether Defendant should have paid Plaintiff and the Class Members overtime wages; and

      C.      Whether Defendant's classification of Plaintiff and the Class Members as independent contractors was illegal.

59.      Other common questions of fact and law will be identified during discovery.

60.      Plaintiff's claims are typical of the class because Plaintiff—like the Class Members—was not paid overtime wages in accordance with state law.

61.      Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class that she seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and her counsel.

62.      A class action under Ohio state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them, especially in light of the ability of Defendant, with a simple phone call to BACE, to prevent them from working as a dancer at most clubs in Ohio ever again.

63.      Individualized litigation presents the possibility of inconsistent or contradictory judgments. Individual litigation increases the delay and expense to all parties and to the Court system. Individual litigation places the burden and risk of litigation on a single person.

64. By contrast, the class action presents far fewer logistical issues and provides the benefit of a single adjudication, economy of scale, and comprehensive supervision by a single court.

65. A class action also provides shelter to those workers who would be intimidated by facing their employer in court alone.

### VIOLATION OF 29 U.S.C. § 207

66. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

67. Defendant's practice of failing to pay Plaintiff and Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

68. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant, Plaintiffs, or Class Members.

### VIOLATION OF 29 U.S.C. § 206

69. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

70. Defendant's practice of failing to pay Plaintiff and Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206. Defendant does not compensate them whatsoever for any hours worked.

71. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendant, Plaintiff, or Class Members. Nothing in the FLSA operates to immunize Defendant from the most basic protection of the FLSA—that an employer pays his employees.

**BURDEN OF PROOF FOR FLSA VIOLATIONS**

72. Plaintiff incorporate all allegations contained in the foregoing paragraphs.

73. Defendant failed to keep adequate records of Plaintiff's and Class Members' work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

74. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    A.    The time of day and day of week on which the employees' work week begins;

    B.    The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

    C.    An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    D.    The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    E.    The hours worked each workday and total hours worked each workweek;

    F.    The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

    G.    The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    H.    The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    I.    The dates, amounts, and nature of the items which make up the total additions and deductions;

    J.    The total wages paid each pay period; and

    K.    The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

75.    Defendant has not complied with federal law and has failed to maintain such records with respect to the Plaintiff and Class Members. Because Defendant's records are inaccurate and/or inadequate, Plaintiff and Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

## **VIOLATION OF 29 U.S.C. § 215 RETALIATION**

76.    The FLSA provides that it is unlawful for any person to discharge or in any manner discriminate against any employee because such employee has filed a complaint or caused any proceeding under or related to the FLSA to be initiated. 29 U.S.C. § 215(a)(3).

77.    To establish a prima facie case of retaliation under the FLSA, a plaintiff must show: (1) participation in a protected activity, (2) an employment action disadvantaging the plaintiff, and (3) a causal connection between the protected activity and the adverse employment action.

78. When Defendant learned of Plaintiff's intent to pursue her rights to proper payment under the FLSA and the corresponding state law, she was summarily terminated.

79. Not only was she terminated, Defendant blacklisted her by her referring her to BACE. Because of this, Plaintiff was required to leave the state of Ohio to find work.

80. As a result of asserting her rights, Plaintiff was dismissed from her employment. This dismissal constitutes retaliation within the meaning of 29 U.S.C. § 215(a)(3).

81. As such, Plaintiff is entitled to damages arising from Defendant's retaliation, including but not limited to, back pay, future wages, damages for emotional distress, punitive damages, and attorneys' fees.

## VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.C.R. § 4111.01 et seq.

82. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

83. The OMFWSA requires employers to pay their non-exempt employees at a rate equal to or in excess of the Ohio mandated minimum wage rate as set forth in Section 34a of Article II, Ohio Constitution. O.R.C § 4111.14.

84. The OMFWSA also requires employers to pay their non-exempt employees at least one and one half times their regular rate of pay for all hours worked in excess of forty each week. O.R.C. § 4111.03.

85. Plaintiff and the Class Members are employees entitled to minimum wages and overtime pursuant to the OMFWSA.

86. In denying compensation at the requisite Ohio minimum rate and overtime, Defendant violated the OMFWSA.

87. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Class Members have suffered and will continue to suffer a loss of income and other

damages. Plaintiff and the Collective Action Class Members are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

88. Having violated OMFWSA, Defendant is liable to Plaintiff and the Class Members pursuant to O.R.C. § 4111.10 for the full amount of the overtime wage rate, less any amount actually paid to the employees by Defendant, as well as for costs and reasonable attorneys' fees.

## DAMAGES SOUGHT

89. Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally/state mandated minimum wage rate.

90. Additionally, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

91. Plaintiff and Class Members are also entitled to all of the misappropriated funds, such as the daily fee they had to pay to work and the tips they were forced to share with non-tip eligible employees.

92. Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b) and an amount equal to two times the amount of unpaid minimum wages under the OMFWSA, O.R.C. § 4111.14(J).

93. Plaintiff and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA and the OMFWSA. 29 U.S.C. § 216(b); O.R.C. § 4111.10; O.R.C. § 4111.14(L).

94. Plaintiff Wagoner also seeks damages for retaliation as delineated above.

## JURY DEMAND

95. Plaintiff and Class Members hereby demand trial by jury.

**PRAYER**

96. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b. All unpaid wages at the FLSA mandated minimum wage rate;

c. All misappropriated funds;

d. An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

e. An amount equal to two times unpaid minimum wages as provided by Ohio state law;

f. Certification of the minimum wage and overtime claims asserted herein as a collective action under the FLSA;

g. Certification of the state law overtime claims asserted herein as a Rule 23 Class Action;

h. Compensation for lost wages from reduced hours and termination for Plaintiff Wagoner;

i. Compensation for mental anguish for Plaintiff Wagoner;

j. Punitive damages for Plaintiff Wagoner;

k. Tolling of the statute of limitations;

l. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA and Ohio state law; and

m. Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

    Respectfully submitted,

THE LAZZARO LAW FIRM, LLC

By:   /s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com


Galvin B. Kennedy (will file for admission *pro hac vice*)
KENNEDY HODGES, L.L.P.
Gkennedy@kennedyhodges.com
Texas State Bar No. 00796870
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116